B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br><br>Matthew Peter Faro | **DEFENDANTS**<br>US Bank Trust, National Association as Trustee of Chalet Series III Trust; SN Servicing Corporation; and John Doe |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Richard S. Ravosa, Esq. and Matthew M. Hamel, Esq.<br>Ravosa Law Offices, P.C.<br>1 South Ave., Natick, MA 01760    508-655-3013 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Wrongful foreclosure, recovery of property of the Bankruptcy Estate, Unfair/Deceptive trade practices; and associated claims<br>11 U.S.C. Secs. 548; 362; and 105<br>Mass. Gen. Laws ch. 109A; ch. 244; and ch. 93A ||

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☒ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☒ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 150,000.00 |
| Other Relief Sought ||

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Matthew Peter Faro | BANKRUPTCY CASE NO.<br>22-10146 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Boston || NAME OF JUDGE<br>Hon. Janet E. Bostwick |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Richard S. Ravosa ||||
| DATE<br><br>February 15, 2022 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Richard S. Ravosa, Esq. ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re:<br><br>MATTHEW PETER FARO,<br><br>        Debtor<br><br>MATTHEW PETER FARO<br><br>        Plaintiff<br><br>v.<br>U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CHALET SERIES III TRUST, *and*<br><br>SN SERVICING CORPORATION, *and*<br><br>JOHN DOE<br>        Defendants | CHAPTER 13<br>CASE NO. 22-10146<br><br><br><br><br><br>ADVERSARY PROCEEDING NO. |

**VERIFIED COMPLIANT TO ENJOIN COMPLETION OF FORECLOSURE ACTION AND/OR CORRECTION OF CHAIN OF TITLE, RESTRAIN ENFORCEMENT OF LIEN AND AVOID TRANSFER OF REAL PROPERTY**

Pursuant to 11 U.S.C. § 548, 11 U.S.C. § 362(a), 11 U.S.C. § 105(a), Fed. R. Bankr. P. 7001(1), the Debtor, Matthew Peter Faro, (hereinafter, "Plaintiff") by and through his undersigned Counsel, seeks a determination that the purported foreclosure action conducted by the Defendants was invalid as a matter of law and that title to the subject property should, therefore, be quieted in favor of the Plaintiff and/or that the purported transfer of property through foreclosure is avoidable as a fraudulent transfer pursuant to 11 U.S.C. § 548 and/or Mass. Gen. Laws ch. 109A. The Plaintiff additionally seeks a determination that the Defendant

US Bank Trust National Association, as Trustee of the Chalet Series III Trust violated Mass. Gen. Laws ch. 244, and that Defendants knowingly and willfully engaged in unfair and deceptive trade practices in violation of Mass. Gen. Laws ch. 93A, and further, breached its duty to act in good faith and with reasonable diligence in order to protect the Plaintiff/Debtor/Mortgagor's interest in the subject property, i.e., the equity.

## JURISDICTION AND VENUE

1. On February 8, 2022, ("the Petition Date"), the Plaintiff filed a voluntary petition in the United States Bankruptcy Court for the District of Massachusetts under Chapter 13 of the Bankruptcy Code, Case No. 22-10146.

2. The Court, therefore, has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding. An Adversary Proceeding is required by Fed. R. Bankr. P. 7001 and the Court has jurisdiction to enter a final judgment.

3. Venue of this action is appropriate based on the underlying bankruptcy case.

## PARTIES

4. The Plaintiff, Matthew Peter Faro, is a natural person who maintains his principal residence at 7 Madison Road, Wilmington, MA 01887.

5. Defendant U.S. Bank Trust National Association ("US BANK") is an FDIC-insured depository corporation with a principal place of business located at 7114 Stetson Drive, Suite 250, Scottsdale AZ 85251 and is the Trustee of the Chalet Series III Trust, the purported holder of the senior mortgage on the Debtor's principal residence.

6. Defendant SN Servicing Corporation ("SN SERVICING") is a corporation organized under the laws of the State of Alaska and having a principal place of business at 13702

2

Coursey Boulevard, Building 1A Suite 100, Baton Rouge, LA 70817, and services the mortgage account in question on behalf of U.S. Bank Trust, National Association.

7. Defendant, JOHN DOE at all times relevant hereto, was the putative high bidder at the purported foreclosure auction which occurred on January 31, 2022 at 1:00pm.

## NATURE OF THE ACTION

8. This proceeding seeks to set aside the purported foreclosure auction of the Plaintiff's real property that occurred on January 31, 2022 at 1:00pm and to prevent the completion of the transfer of the subject property to the high bidder(s), in effect restraining the Defendants' enforcement of the mortgage lien on the subject premises and return all parties to the status quo ante, in addition to seeking damages, costs, and legal fees.

## FACTS

9. The Debtor took title as tenants by the entirety, with his wife, Cheryl A. Faro, to the subject property, located at 7 Madison Road, Wilmington, MA on or about November 22, 1993, as referenced in Northern Middlesex Registry of Deeds, Book 06800, Page 255.

10. On or about May 30, 2003, Plaintiff's wife recorded a Declaration of Homestead on the subject property in the Northern Middlesex Registry of Deeds in Book 15341, Page 151.

11. On or about May 30, 2003, Plaintiff and his wife executed a promissory note and mortgage security instrument in favor of America's Wholesale Lender in the original principal amount of $260,000.00 ("the Mortgage") and recorded in the aforementioned Registry of Deeds in Book 15341, Page 139.

12. On or about March 15, 2019, the Mortgage was purportedly assigned to Defendant, US Bank Trust National Association, as Trustee of the Chalet Series III. Said assignment was recorded in the aforementioned Registry of Deeds in Book 32830, Page 230.

13. On or about November 1, 2021, Defendant, US Bank Trust National Association, as Trustee of the Chalet Series III filed a complaint under the Servicemembers Civil Relief Act in order to foreclose on the subject property in the Land Court (Docket No. 21SM001391).

14. On or about January 31, 2022 at 1:00pm, Defendant SN SERVICING, acting on behalf of Defendant US BANK, by and through their Counsel, conducted a foreclosure under the statutory power of sale contained within the Mortgage.

15. Defendant JOHN DOE purportedly submitted the highest bid, which upon information and belief, was $440,000.00, and executed a memorandum of sale attesting to same.

16. On the date of filing/date of foreclosure, the subject property had an estimated fair market value of $685,000.00 with an approximate payoff owing to Defendants of $514,323.86, as stated in a letter dated November 1, 2021 from Defendant's counsel.

17. Should this purported foreclosure be allowed to conclude in the recording of a deed naming the high bidder as grantee, the Plaintiff stands to be divested of what appears to be a substantial amount of equity, i.e., approximately $150,000.00.

18. Plaintiff's counsel attempted to verify the amount of the high bid at the foreclosure auction as well as ascertain the identity of the high bidder, but Defendant's counsel was unable to provide this information to Plaintiff's counsel.

**COUNT I**
**DECLATORY JUDGMENT THAT THE DEFENDANTS VIOLATED FORECLOSURE STATUTES AND THAT THE PURPORTED FORECLOSURE SALE IS THEREFORE VOID AS A MATTER OF LAW**

Matthew Peter Faro
v.
U.S. Bank Trust National Association, As Trustee of Chalet Series III Trust, and SN Servicing Corporation and JOHN DOE

19. The Plaintiff, Matthew Peter Faro, repeats and reavers paragraphs one through eighteen of this Complaint as if expressly rewritten and set forth herein.

20. The Defendants, jointly and severally, conducted a foreclosure that they knew or should have known they lacked standing to conduct.

21. Mass. Gen. Laws Chapter 244, § 14, as interpreted by the U.S. Bankruptcy Court and Massachusetts Supreme Judicial Court state that a foreclosing mortgagee owes a duty of good faith and reasonable diligence to the mortgagor.

22. Indeed, in Massachusetts, mortgagees must strictly comply with the terms of the Statutory Power of Sale and all statutes relating to non-judicial foreclosures.[1]

23. Furthermore, Mass. Gen. Laws Chapter 244, § 14 has been expressly identified as one of those statutes relating to foreclosures, with which strict compliance is required.[2]

24. The Defendants have manifestly and materially failed to meet their obligations of strict compliance with Mass. Gen. Laws Chapter 244, § 14.

25. The Defendants failed to make even bare minimal attempts to market the Property to attract high bidders.

26. The Defendants failed to acquire an appraisal of the Property from a duly licensed real estate appraiser prior to the purported foreclosure.

---

[1] "This court has recently reemphasized the point that in light of the substantial power that the statutory scheme affords to a [mortgagee] to foreclose without immediate judicial oversight, we adhere to the familiar rule that 'one who sells under a power [of sale] must follow strictly its terms'; the failure to do so results in no valid execution of the power, and the sale is wholly void," *Pinti v. Emigrant Mortg. Co.*, 33 N.E.3d 1213, 1218 (Mass. 2015), internal citations omitted.

[2] "As *Schumacher*, 467 Mass. at 429, 5 N.E.3d 882, suggests, there is a well-established set of statutes relating to mortgage foreclosures effected pursuant to a power of sale: § 21 and G.L. c. 244, §§ 11–17C. See *Eaton*, 462 Mass. at 581, 969 N.E.2d 1118 ("In addition to G.L. c. 183, § 21, itself, the 'statutes relating to the foreclosure of mortgages by the exercise of a power of sale,' id., are set out in G.L. c. 244, §§ 11–17C"); *Ibanez*, 458 Mass. at 646, 941 N.E.2d 40 (power of sale in mortgage includes reference to G.L. c. 183, § 21, and is "further regulated by G.L. c. 244, §§ 11–17C"). Each of the statutes included within G.L. c. 244, §§ 11–17C, pertains to the process and mechanics of the foreclosure sale itself." Id. at 1244.

27. The Defendants failed to employ the services of a real estate broker to market the Property for sale and/or to attract bidders to the auction.

28. The Defendants failed to list the Property for sale in the real estate section of local newspapers.

29. The Defendants have manifestly failed to use good faith and reasonable diligence to market the Property and attract high bids, resulting in a deficiency balance owed by the Plaintiff, whereas had Defendants effectively marketed the property, the auction price would have exceeded the payoff owed to the lender/Defendants and Plaintiff would have received surplus proceeds.

30. Therefore, the purported foreclosure is void.

WHEREFORE, the Plaintiff demands a judgment and decree voiding the purported subject foreclosure auction and enter judgment against the Defendants in an amount sufficient and reasonable to adequately compensate the Plaintiff for the damages that he has incurred, plus interest, costs, and reasonable attorneys' fees.

## COUNT II

### VIOLATION OF 11 U.S.C. § 548 AS FRAUDULENT TRANSFER
**Matthew Peter Faro**
v.
**U.S. Bank Trust National Association, As Trustee of Chalet Series III Trust, and SN Servicing Corporation and JOHN DOE**

31. The Plaintiff repeats and reavers paragraphs one through thirty of this Complaint as if expressly rewritten and set forth herein.

32. 11 U.S.C. § 548 allows "an estate representative to avoid a transfer made or obligation incurred within" two years before the bankruptcy petition was filed.[3]

---

[3] *In re Tri-Star Technologies, Inc.*, 260 B.R. 319, 323 (Bankr. D. Mass. 2001).

33. One way to prevail under this statute is by proving, by a preponderance of the evidence, that the Debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation," and the Debtor "was insolvent on the date such transfer was made [. . .] or became insolvent as a result of such transfer."[4]

34. In considering whether Section 548 may be used to avoid foreclosures where the winning bid is lower than the value of the property, the Supreme Court held that a fair and proper price, or a "reasonably equivalent value," for foreclosed property, is the price in fact received at the foreclosure sale, *so long as* all the requirements of the State's foreclosure law have been complied with.[5]

35. As previously demonstrated, Defendants have manifestly failed to strictly comply with Massachusetts' foreclosure statute(s), particularly Mass. Gen. Laws ch. 244 § 14.

36. However, the Defendants have also breached other duties with respect to foreclosing a mortgage in Massachusetts.

37. In Massachusetts, in order to comply with the foreclosure laws, the mortgagee must, in addition to a "literal compliance with the terms of the power (of sale), was bound to exercise good faith and to put forth reasonable diligence to protect the interests of the mortgagor."[6]

38. As detailed below, Defendants have breached the duty of good faith and reasonable diligence in conducting the sale.

39. Therefore, Defendants have not complied with the requirements of the Commonwealth's foreclosure laws, have not provided a reasonably equivalent price, which, in turn, allows for the avoidance of the sale as a fraudulent transfer under 11 U.S.C. §§ 548 and 549.

---

[4] 11 U.S.C. § 548(a)(1)(B).
[5] *BFP v. Resolution Trust Corporation*, 511 U.S. 531, 545 (1994).

7

40. The sale price may be grossly inadequate and is indicative of bad faith when coupled with the lack of diligence in Defendants' (lack of) marketing the property for sale, and is grounds to void the foreclosure auction.

41. To the best of Plaintiff's knowledge, there was no advertising in the real estate section of any newspaper, nor was there any notice given to real estate brokers with a limited radius of the property.

42. Neither Defendants, nor any party acting on their behalf, made any effort to seek Plaintiff's permission for potential bidders to inspect the interior of the home.

43. No good faith effort whatsoever was made by Defendants to market the subject property for sale and, as a direct result thereof, the property may have sold for far below market value.

44. Should the sale be completed, this will result in a loss by the Plaintiff of a substantial amount of his equity in said real estate, which he is entitled to as a matter of law and equity.

WHEREFORE, the Plaintiff demands a judgment and decree voiding the foreclosure auction that occurred on or about January 31, 2022 and enter judgment against Defendants in an amount sufficient and reasonable to adequately and fairly compensate Plaintiff for the damages that he has incurred, plus interest, costs, and reasonable attorneys' fees.

**COUNT III**
**VIOLATION OF MASS. GEN. LAWS. Ch. 109A AS A FRAUDULENT CONVEYANCE**
**Matthew Peter Faro**
v.
**U.S. Bank Trust National Association, As Trustee of Chalet Series III Trust, and SN Servicing Corporation, and JOHN DOE**

---

[6] *Atlas Mort. Co. v. Tebaldi*, 304 Mass. 554, 557 (1939).

8

45. The Plaintiff repeats and reavers paragraphs one through forty-four of this Complaint as if expressly rewritten and set forth herein.

46. If allowed to be concluded, the sale and transfer of the subject property is a violation of the Massachusetts Uniform Fraudulent Transfer Act.

47. Defendants failed to act in good faith and use reasonable diligence to protect the interest of the mortgagor in engaging in such conduct that would catastrophically divest the Plaintiff of a substantial amount of his equity that he is entitled to as a matter of law and equity.

48. The sale of the subject property is a violation of the Massachusetts Uniform Fraudulent Transfer Act, Mass. Gen. Laws ch. 109A as the sale took place for less than market value and is a fraudulent conveyance, under 11 U.S.C. § 548 and 549 which command that present fair market equivalent value must be obtained before the foreclosure sale will be left undisturbed by the Bankruptcy Court.

49. "The analysis of what constitutes 'reasonably equivalent value' under" Mass. Gen. Laws ch. 109A "mirrors the analysis of 'reasonably equivalent value' under 11 U.S.C. § 548."[7]

50. The Plaintiff may prevail under 11 U.S.C. § 548 by proving, by a preponderance of the evidence, that the Debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation," and the Debtor "was insolvent on the date such transfer was made [. . .] or became insolvent as a result of such transfer."[8]

51. In considering whether Section 548 may be used to avoid foreclosures where the winning bid is lower than the value of the property, the Supreme Court held that a fair and proper price, or a "reasonably equivalent value," for foreclosed property, is the price in fact

---

[7] *In re Sergio*, 552 B.R. 9, 17 (Bankr. D. Mass. 2016), citing *In re Tri-Star Technologies, Inc.*, 260 B.R. 319, 324 (Bankr. D. Mass. 2001).

9

received at the foreclosure sale, *so long as* all the requirements of the State's foreclosure law have been complied with.[9]

52. As previously demonstrated, Defendants have manifestly failed to strictly comply with Massachusetts' foreclosure statute(s), particularly Mass. Gen. Laws ch. 244 § 14.

53. However, the Defendants have also breached other duties with respect to foreclosing a mortgage in Massachusetts.

54. In Massachusetts, in order to comply with the foreclosure laws, the mortgagee must, in addition to a "literal compliance with the terms of the power (of sale), was bound to exercise good faith and to put forth reasonable diligence to protect the interests of the mortgagor."[10]

55. As detailed below, Defendants have breached the duty of good faith and reasonable diligence in conducting the sale.

56. The sale price is grossly inadequate and is indicative of bad faith when coupled with the lack of diligence in Defendants' (lack of) marketing the property for sale, and is grounds to void the foreclosure auction.

57. To the best of Plaintiff's knowledge, there was no advertising in the real estate section of any newspaper, nor was there any notice given to real estate brokers with a limited radius of the property.

58. Neither Defendants, nor any party acting on their behalf, made any effort to seek Plaintiff's permission for potential bidders to inspect the interior of the home.

59. No good faith effort whatsoever was made by Defendants to market the subject property for sale and, as a direct result thereof, the property sold for far below market value.

---

[8] 11 U.S.C. § 548(a)(1)(B).
[9] *BFP v. Resolution Trust Corporation*, 511 U.S. 531, 545 (1994).

60. Should the sale be completed, this will result in a loss by the Plaintiff of a substantial amount of equity in said real estate.

WHEREFORE, the Plaintiff demands a judgment and decree voiding the purported subject foreclosure auction and enter judgment against the Defendants in an amount sufficient and reasonable to adequately compensate the Plaintiff for the damages that he has incurred, plus interest, costs, and reasonable attorneys' fees.

## COUNT IV
## BREACH OF THE DUTY OF GOOD FAITH AND REASONABLE DILIGENCE
### Matthew Peter Faro
### v.
### U.S. Bank Trust National Association, As Trustee of the Chalet Series III Trust, SN Servicing Corporation

61. The Plaintiff repeats and reavers paragraphs one through sixty of this Complaint as if expressly rewritten and set forth herein.

62. In Massachusetts, a mortgagee who attempts to execute a power of sale contained in a mortgage is bound to exercise good faith and use reasonable diligence to protect the rights and interests of the mortgagor under the contract.[11]

63. "Consistent with the requirements, the mortgagee has a duty 'to obtain for the property as large a price as possible.'"[12]

64. A disparity in price alone is not sufficient to invalidate a foreclosure, but along with other circumstances, it can be.[13]

---

[10] *Atlas Mort. Co. v. Tebaldi*, 304 Mass. 554, 557 (1939).
[11] *In re Edry*, 201 B.R. 604 (Bankr. D. Mass. 1996). See also: *In re Brandao*, 567 B.R. 396, 405 (Bankr. D. Mass. 2017) "A mortgage holder must not only act in strict compliance with its power of sale but must also act in good faith and use reasonable diligence to protect the interests of the mortgagor," quoting *U.S. Bank Nat. Ass'n v. Ibanez*, 458 Mass. 637 647 n.16 (Mass. 2011).
[12] *In re Brandao*, 567 B.R. at 406, quoting *Williams v. Resolution GGF OY*, 417 Mass. 377 (1994).
[13] Id. at 606

11

65. Where the mortgagee fails to adequately advertise the property, and provides no notice to those who may be interested in purchasing the property, together with a grossly inadequate sale price, a foreclosure may be invalidated.[14]

66. The sale price of the subject property at the purported auction on January 31, 2022 may have been so grossly inadequate so as to indicate bad faith on the part of the Defendants.

67. The successful bidder submitted a high bid that upon information and belief, is $440,000.00, and Defendants have refused to provide any information relative to confirm the amount of the high bid, or the identity of the high bidder.

68. The fair market value of the property is approximately $685,000.00.

69. To the best of Plaintiff's knowledge, there was no advertising in the real estate section of any newspaper, only the statutory notices of sale, and there was no notice given to real estate brokers within a limited radius of the property, nor did the Defendants, nor any party(ies) acting on their behalf, request access to the property to market it for sale or to show to potential bidders.

70. Should the sale be completed, it will result in the loss by the Plaintiff of a substantial amount of equity in said real estate.

WHEREFORE, the Plaintiff demands a judgment and decree voiding the purported subject foreclosure action and enter judgment against Defendants in an amount sufficient and reasonable to adequately compensate Plaintiff for the damages that he has incurred, plus interest, costs, and reasonable attorneys' fees.

**COUNT V**
**UNJUST ENRICHMENT**
**Matthew Peter Faro**
v.
**JOHN DOE**

---

[14] *Bon v. Graves*, 216 Mass. 440 (1914).

71. The Plaintiff repeats and reavers paragraphs one through seventy of this Complaint as if expressly rewritten and set forth herein.

72. If Defendants are allowed to continue with the enforcement of the lien and transfer the subject property to the purchaser or the nominee of same, that would operate to the unconscionable detriment of the Plaintiff to have his equity in the subject property transferred to the purchaser in exchange for payment of less than fair market value at a time when the Debtor was insolvent.

73. If the transfer of the subject property were to occur, Defendants would be eviscerating Plaintiff's equity stake in the subject property by recording a foreclosure deed to the purchaser, thereby allowing the purchaser to knowingly abscond with Plaintiff's equity (thereby enriching themselves by an equal amount) of said equity.

WHEREFORE, the Plaintiff demands a judgment and decree voiding the purported subject foreclosure action and enter judgment against Defendants in an amount sufficient and reasonable to adequately compensate Plaintiff for the damages that he has incurred, plus interest, costs, and reasonable attorneys' fees.

## COUNT VI
### VIOLATION OF MASS. GEN. LAWS CH. 93A
**Matthew Peter Faro**
v.
**U.S. Bank Trust National Association, As Trustee of Chalet Series III Trust and SN Servicing Corporation**

74. The Plaintiff repeats and reavers paragraphs one through seventy-three of this Complaint as if expressly rewritten and set forth herein.

75. At all times material hereto, the Defendants were engaged in trade or commerce.

76. On November 1, 2018, pursuant to Mass. Gen. Laws. ch. 93A, § 9(3), a demand letter was sent to defendant SN Servicing Corporation's predecessor in interest, Seterus, Inc. via certified mail, return receipt requested.

77. On or around October 4, 2018, Plaintiff submitted a loan modification application to Seterus. Seterus made three (3) separate requests for documents, detailed in subsequent sections, regarding the Plaintiff's hardship and proof of income (both from the borrowers and their non-borrower contributor adult children), to which Plaintiff promptly provided the requested information.

78. Seterus failed to make a thorough and holistic review of the Plaintiff's application, or a request for further documentation would not have to come piecemeal, over the course of multiple pieces of correspondence. Not only does this evidence Seterus' bad faith in reviewing the modification application, but through its bad faith, Seterus caused a delay in the Plaintiff's ability to produce the requested documents, thereby unduly prejudicing Plaintiff's chances of avoiding foreclosure.

79. Despite Plaintiff's good faith attempts to work with Seterus to remain in their family home, Seterus failed to make a good faith review of their application and denied the loan modification application request <u>a mere two days after the final documents were sent in</u>. All documents were provided via fax to the fax number specified by Seterus in its document request letters.

80. Defendant's predecessor received the Plaintiff's 93A demand letter and responded in writing to Plaintiff's counsel.

81. The Plaintiff has therefore satisfied the prerequisites to bring an action under Mass. Gen Laws ch. 93A.

82. The foregoing allegations paint a stark picture of appallingly unfair and deceptive trade practices on behalf of the Defendants.

83. The Massachusetts Supreme Judicial Court has recognized a six-prong test for unfairness.

84. Conduct is unfair, within the context of 93A, if it is immoral, unethical, oppressive, unscrupulous, or cause substantial injury to consumers, competitors, or other businessmen.[15]

85. The Defendants acted illegally and unscrupulously and in a way which has severely harmed the Plaintiff with regard to the permanent loss of the equity in his home.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court enter an Order that:

1. Declaring that the Defendants lacked statutory authority to foreclose on the subject residence and that the January 31, 2022 foreclosure is declared to be a legal nullity;

2. Declaring that the Defendants failed to act in good faith and use reasonable diligence to protect the Plaintiff's equity; therefore, the January 31, 2022 foreclosure is declared a legal nullity;

3. The foreclosure auction and sale of the Debtor's residence be avoided pursuant to 11 U.S.C. §§ 522(h) and 549(a), or 11 U.S.C. § 548;

4. Declare the foreclosure voided;

5. Decrees that U.S. Bank, N.A. is enjoined from enforcing its lien and transferring the subject premises by deed or otherwise, to the high bidder, or any other individual or entity;

---

[15] *PMP Associates, Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596 (1975).

6. Defendants take all necessary steps to reflect the avoidance of the sale within thirty days of the entry of the Order to restore title to the Plaintiff;

7. The transfer be preserved for the benefit of the Debtor; and that the Debtor's interest in the property is property of his estate that is exempt property pursuant to Mass. Gen. Laws Ch. 188 § 1;

8. Award Debtor damages in an amount that the Court determines;

9. Award Debtor's costs;

10. Award Debtor's reasonable attorney's fees;

11. Double or Treble the awarded damages, costs, and fees pursuant to Mass. Gen. Laws ch. 93A §9, as the conduct alleged was knowing and willful; and

12. Grant any other relief, which this Court deems necessary and proper pursuant to 11 U.S.C. § 105.

## VERIFICATION

I, Matthew Peter Farro, am of lawful age and swear under the pains and penalties of perjury that I am the above named Plaintiff and that I have read the foregoing complaint and know the contents thereof and that the material facts therein set forth are all the material facts known to me, and are true, except for those facts set forth that are based on information and belief.

_____
**Matthew Peter Faro**

Signed and dated this 14 day of February, 2022.

Respectfully submitted,

The Debtor/Plaintiff,
Matthew Peter Faro,

By his attorneys,

/s/ Richard S. Ravosa
Richard S. Ravosa, Esquire
BBO No. 635846
massachusettsbankruptcycenter@gmail.com
Matthew M. Hamel, Esquire
BBO No. 697773
mhamel@ravosalaw.com
Ravosa Law Offices, P.C.
Offices At The Mariner
300 Commercial Street, Suite 2
Boston, MA 02109
(617) 720-1101 (tel)
(617) 720-1104 (fax)