UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | CASE NO. 22-10146 |
| MATTHEW PETER FARO, ) | |
| ) | |
| Debtor ) | |

**NOTICE OF INTENDED SALE OF ESTATE PROPERTY LOCATED 7 MADISON ROAD, WILMINGTON, MA, DEADLINE FOR SUBMITTING OBJECTIONS AND HIGHER OFFERS AND TELEPHONIC HEARING DATE**

To Creditors and Parties in Interest:

1. Notice is hereby given, pursuant to 11 U.S.C. §§ 105(a), 1303, and 363, Fed. R. Bankr. P. 2002(a)(2) and 6004, and MLBR 2002-5 and 6004-1, that the Debtor, Matthew Peter Faro, (hereinafter "the Debtor"), intends to sell at private sale the Debtor's right, title, and interest in certain property of the estate consisting of 7 Madison Road, Wilmington, Massachusetts, as more particularly described in a deed to the Debtor and the Debtor's spouse, dated November 18, 1993 and recorded with the Middlesex North Registry of Deeds at Book 6800, Page 255, (hereinafter "the Property").

2. The Debtor has received an offer from Danielle Bacon, William Bacon, Alyssa Faro, and Brendan Forti (the "Buyers") to purchase the estate's and the co-owner's right, title and interest in the Property for the sum of $600,000.00 (the "Purchase Price"). The terms of the sale are set forth in the Purchase and Sale Agreement attached as Exhibit A to the Motion to Approve Sale. The buyers are statutory insiders of the Debtor, as they are the Debtor's daughters and their spouses.

3. The sale shall take place at such a time following the entry of an Order approving the sale by the United States Bankruptcy Court. The terms of the proposed sale are more

particularly described in the *Motion for Authority to Sell Estate Property Located at 7 Madison Road, Wilmington, Massachusetts at Private Sale Pursuant to 11 U.S.C. § 363* (the "Motion to Approve Sale") filed with the Court herewith.

4. The Asset shall be sold free and clear of all liens, claims, encumbrances and interest. Any perfected, enforceable valid liens shall attach to the proceeds of the sale according to the priorities established under applicable law. The Property is subject to a mortgage held by US Bank Trust, National Association as Trustee of Chalet Series III Trust, ("US Bank"), securing the approximate total payoff of $514,323.86 as of February 8, 2022, The property is subject to the following liens: A judicial lien held by creditor Beneficial Massachusetts, Inc., securing the approximate amount of $8,470.16, as shown on the Debtor's Schedule D.

5. Any objections to the sale and/or higher offers shall be filed in writing with the Clerk, United States Bankruptcy Court at Suite 1150, 5 Post Office Square, Boston, MA 02109 on or before **June 1, 2022, at 12:00 noon** (the "Objection Deadline"). A copy of any objection or higher offer shall also be served upon the undersigned. Any objection to the sale must state the particularity of the grounds for the objection and why the intended sale should not be authorized. Any objection to the sale shall be governed by Fed. R. Bankr. P. 9014.

6. A telephonic hearing on the Motion to Approve Sale, objections or higher offers is scheduled to take place on **June 2, 2022, at 9:45 AM** before the Honorable Janet E. Bostwick, United States Bankruptcy Judge. Any party who has filed an objection or higher offer is expected to be present at the hearing, failing which the objection will be overruled or the higher offer stricken.  **\*For reasons of public health and safety, all**

**participants and anyone else wishing to attend the hearing must do so by telephone and not in person. To appear telephonically, attendees must, no later than five minutes prior to the scheduled hearing time, dial 1-877-336-1839 and enter Access Code 1378281#.**

If no objection to the Motion to Approve Sale or higher offer is timely filed, the Bankruptcy Court, in its discretion, may cancel the scheduled hearing and approve the sale without hearing.

7. At the hearing on the sale the Court may (i) consider any requests to strike a higher offer; (ii) determine further terms and conditions of the sale; (iii) determine the requirements for further competitive bidding; and (iv) require one or more rounds of sealed or open bids from the original offeror and any other qualifying offeror.

8. Any deposits will be forfeited to the estate if the successful purchase fails to complete the sale by the date ordered by the Court. If the sale is not completed by the buyer approved by the Court, the Court without further hearing may approve the sale of the Property to the next highest bidder.

9. Any questions concerning the intended sale shall be addressed to the undersigned.

        Respectfully submitted,

        The Debtor,
        Matthew Peter Faro

        By his Attorney,

        /s/ Cynthia R. Ravosa
        Cynthia R. Ravosa, Esquire
        Massachusetts Bankruptcy Center
        One South Avenue
Dated: May 9, 2022        Natick, MA 01760